Filed 3/29/21  P. v. McKinley CA4/2

See Concurring Opinion

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E074721 |
| v. | (Super.Ct.No. CR61388) |
| DONNIE RAY MCKINLEY, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.

Affirmed.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and

Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney

General, Julie L. Garland, Senior Assistant Attorney General, and A. Natasha Cortina and

Quisteen S. Shum, Deputy Attorneys General, for Plaintiff and Respondent.

1

In 1996, petitioner Donnie Ray McKinley was convicted of (among other things) first degree murder, with special circumstances, on a felony-murder theory. In 2019, he filed a petition to be resentenced under the then-recently amended version of the felony-murder statute. (See § 1170.95.)[1] The trial court denied the petition; it ruled that the special circumstance findings conclusively established that he was not eligible for relief.

Petitioner contends that this was error. It will take the bulk of this opinion for us to explain exactly what the issue is and how it arose in this case. Its resolution, however, is simple. Under a recently published opinion of this court, the trial court's ruling was correct. Hence, we will affirm.

I

FACTUAL, PROCEDURAL, AND LEGAL DEVELOPMENTS

A.    *The Tison Standard.*

Under *Tison v. Arizona* (1987) 481 U.S. 137 (*Tison*), a person found guilty of murder on a felony-murder theory cannot constitutionally be sentenced to death unless he or she either (1) was the actual killer, (2) intended to kill, or (3) was a major participant in the underlying felony and acted with reckless indifference to human life. (*Id*. at pp. 150, 158.)

In 1990, Proposition 115 amended section 190.2 so as to expressly incorporate this requirement of *Tison* and to make it applicable to life without the possibility of parole. (See now § 190.2, subds. (b), (c), (d).)

---

[1]    This and all further statutory citations are to the Penal Code.

B.     *The Facts as Shown at Petitioner's Trial.*

We summarize the facts as stated in our previous opinion in petitioner's direct appeal.

In 1995, petitioner and other members of the Raymond Crips gang crashed a party at an apartment in Moreno Valley.  They then pulled out guns and demanded money and drugs.  Petitioner stood by the door and held the attendees at gunpoint while his companions frisked them and beat one who tried to escape.  One of his fellow gang members, "a heavy-set man," pointed his gun at attendee Dawn Petterway, said, "I'm going to kill this bitch," and shot her in the head (possibly because he thought she was reaching for a gun).  Petitioner said, "No, no."  Dawn's husband, Sam Petterway, said, "You shot my wife."  The heavy-set man responded by shooting Sam in the head and chest.  The gang members then left.  Dawn survived; Sam died.

C.     *Petitioner's Conviction and Appeal.*

At petitioner's trial, in 1996, the jury was instructed on the felony-murder rule.  It was also instructed, in accordance with *Tison*, that it could not find the special circumstances to be true unless petitioner either (1) was the actual killer, (2) intended to kill, or (3) was a major participant in the underlying felony and acted with reckless indifference to human life.  (CALJIC No. 8.80.1.)

The jury found petitioner guilty of first degree murder, with robbery-murder and burglary-murder special circumstances.  It also found him guilty of aggravated assault (§ 245, subd. (a)(1)), robbery (§ 211), and five counts of attempted robbery (§§ 211, 664,

3

subd. (a)). Personal firearm use enhancements (§ 12022.5, subd. (a)) were found true on all counts. Petitioner was sentenced to a total of life without parole plus 19 years.

In 1998, this court affirmed the judgment. (*People v. McKinley* (May 14, 1998), E019866 [nonpub. opn.].) We held, among other things, that there was sufficient evidence that petitioner was a major participant in the underlying robbery and that he acted with reckless indifference to human life, so as to support the special circumstances.

We explained, in part: "'[Petitioner] armed himself and joined his armed companions in going to a residential apartment to "jack" dope or money, held a gun on the victims while his companions beat, threatened and robbed them, did nothing to stop his heavyset companion when he threatened to "kill this bitch," stood by when the man fired and hit Dawn Petterway in the head, said only, "No, no," but continued to stay put by the door with his gun while the man next shot Sam Petterway in the chest and then execution style in the head, and fled with his companions . . . rather than staying to render help." "Defendant was not a mere getaway driver or minor participant [citation], but was actively involved in all stages of the crime."

D.    *Banks* and *Clark*.

In 2015 and 2016, the California Supreme Court issued two opinions relating to the meaning of "major participant" and "reckless indifference to human life."

First, in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*), the evidence showed that defendant Matthews acted as the getaway driver in a planned armed robbery, which turned into a murder when another participant shot a security guard. (*Id*. at p. 795.) Our

4

Supreme Court held that, under *Tison*, this was insufficient evidence that he was a major participant (*Banks*, *supra*, at pp. 804-807) as well as insufficient evidence that he acted with reckless indifference to life. (*Id*. at pp. 807-811.) It disapproved cases holding that mere knowledge that one's accomplice in a robbery is armed is sufficient to establish reckless indifference to human life. (*Id*. at p. 809, fn. 8.)

In 2016, in *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*), the Supreme Court found insufficient evidence that the defendant acted with reckless indifference to life. (*Id*. at pp. 614-623.) It specifically listed five factors that are potentially relevant to this inquiry. First, "[a] defendant's *use* of a firearm, even if the defendant does not kill the victim or the evidence does not establish which armed robber killed the victim, can be significant to the analysis of reckless indifference to human life." (*Id*. at p. 618.) Second, a defendant's physical presence at the scene, while not absolutely required, is relevant, as is the failure to render aid to a victim. (*Id*. at pp. 619-620.) Third, the duration of the felony is relevant. (*Id*. at pp. 620-621.) Fourth, it is relevant whether the defendant knows that an accomplice has a propensity to violence, especially lethal violence. (*Id*. at p. 621.) Fifth, it is relevant, although not controlling, that the defendant took steps to minimize the risk to human life. (*Id*. at pp. 621-622.)

E.    *Senate Bill No. 1437*.

In 2018, the Legislature enacted Senate Bill No. 1437 (2017-2018 Reg. Sess.) (SB 1437), effective January 1, 2019. (Stats. 2018, ch. 1015, pp. 6673-6676.) SB 1437,

among other things, amended section 189 so as to provide that the felony-murder rule (§ 189, subd. (a)) applies to a person only if:

"(1)  The person was the actual killer.

"(2)  The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree.

"(3)  The person was a major participant in the underlying felony and acted with reckless indifference to human life . . . .

"[(4)  T]he victim is a peace officer who was killed while in the course of the peace officer's duties, where the defendant knew or reasonably should have known that the victim was a peace officer engaged in the performance of the peace officer's duties." (§ 189, subds. (e), (f).)

SB 1437 also enacted section 1170.95, which allows a person who has been convicted of first or second degree murder under a felony-murder theory, but who could no longer be so convicted under SB 1437, to petition to have the conviction vacated.  If the underlying felony was not charged, the conviction is reduced to the underlying felony, and the petitioner is resentenced.  (§ 1170.95, subd. (e).)  The petitioner also must be resentenced on any remaining counts.  (§ 1170.95, subd. (a).)

F.      *Petition for Resentencing*.

Petitioner promptly filed a petition, in propria persona, for resentencing under section 1170.95.  Counsel was appointed for him.

The People opposed the petition, arguing, among other things, that the "true findings on special circumstances . . . disqualify petitioner from any ultimate relief."

After hearing argument, the trial court denied the petition. It explained that the true findings on the special circumstances meant that petitioner "is not entitled to relief as a matter of law."

## II

## THE EFFECT OF THE SPECIAL CIRCUMSTANCE FINDINGS

Petitioner contends that the trial court erred by ruling that the jury's true findings on the special circumstances conclusively established that he was not eligible for resentencing. He argues that *Banks* and *Clark* significantly narrowed the definition of both "major participant" and "reckless indifference to human life," so that the jury's pre-*Banks* and *Clark* true findings do not establish that he comes within that definition.

Recently, however, in *People v. Jones* (2020) 56 Cal.App.5th 474 (*Jones*), review granted January 27, 2021, S265854, this court rejected an identical contention. (*Id*. at pp. 482-485.) We held that "*Banks* and *Clark* did not change the law," and therefore "[a] special circumstance finding renders [a petitioner] ineligible for relief under section 1170.95 as a matter of law." (*Id*. at pp. 480-481.)

We readily acknowledge that there is a split of authority on this point. (*Jones*, *supra*, 56 Cal.App.5th at pp. 482-483.) Unless and until the Supreme Court tells us

7

otherwise, however, we adhere to our opinion in *Jones*. Even though review in *Jones* has been granted, it remains persuasive (Cal. Rules of Court, rule 8.1115(e)) in this court.[2]

As we suggested in *Jones* (*Jones*, *supra*, 56 Cal.App.5th at pp. 478-479, and cases cited), a person in petitioner's position is not wholly without a remedy. He or she can challenge prior special circumstance findings in a habeas proceeding. (See, e.g., *In re Scoggins* (2020) 9 Cal.5th 667, 676-683.) We express no opinion as to whether, in petitioner's case, there might be some procedural bar to such a proceeding at this point.

III

DISPOSITION

The order appealed from is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

I concur:

McKINSTER
J.

---

**2** Earlier, in *People v. Law* (2020) 48 Cal.App.5th 811, review granted July 8, 2020, S262490, we held: "[T]he trial court erred by concluding the special circumstance finding, on its own, rendered Law ineligible for relief [under section 1170.95] . . . ." (*Id.* at p. 825.) We follow *Jones*, rather than *Law*, because *Jones* is more recent. (*In re Lane* (1962) 58 Cal.2d 99, 105 ["It is an established rule of law that a later decision overrules prior decisions which conflict with it, whether such prior decisions are mentioned and commented upon or not."].)

8

[*People v. McKinley*, E074721]

MENETREZ, J., Concurring;

I concur in the judgment for the reasons stated in the majority and concurring

opinions in *People v. Jones* (2020) 56 Cal.App.5th 474, review granted January 27, 2021,

S265854, with which I continue to agree.

MENETREZ      

J.